UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AFFINITY MUTUAL INSURANCE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-CV-279 JD |
| THACKER AIR CONDITIONING-REFRIGERATION-HEATING, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Thacker Air Conditioning-Refrigeration-Heating, Inc. was sued by an insurer for damages that allegedly resulted from its installation of commercial air conditioning units. Thacker in turn filed a third-party complaint for indemnification against three other parties, asserting that those parties were at fault for any damages. Two of those parties—B&B Roofing and Construction, and Freeman Bontrager—moved to dismiss the third-party complaint with prejudice, for failure to state a claim. In response, Thacker began by defending the merits of its claims. It closed, however, by asking to dismiss its third-party complaint without prejudice, based on its belief that its claims were not yet ripe. In their reply, the third-party defendants dispute the contention that the claims are not ripe, and ask the Court to adjudicate them on their merits and dismiss them with prejudice.

Whether or not Thacker is correct that its claims are not ripe, the fact remains that it has requested to voluntary dismiss its complaint. Under the Federal Rules of Civil Procedure, it has the right to do so. Specifically, under Rule 41(a)(1), a plaintiff is entitled to dismiss its complaint without prejudice as of right, at any time before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41(c) clarifies that this

provision also applies to third-party claims such as Thacker's, so long as the dismissal is made before a responsive pleading is served. Fed. R. Civ. P. 41(c)(1). Here, none of the third-party defendants have served responsive pleadings—they have only filed a motion to dismiss, which does not constitute pleadings. *See* Fed. R. Civ. P. 7(a). Thacker is thus entitled to dismiss its third-party complaint without prejudice.

Even if Thacker did not have such a right, dismissal without prejudice would still be appropriate. First, it would make little sense to devote judicial resources to adjudicating the merits of claims a party has already asked to withdraw, particularly at this early stage of the proceeding. And if Thacker is not held liable in this action, its indemnification claims will be moot (or will never have ripened) and will never need to be adjudicated. It is thus better to leave the resolution of these claims until they are actually being pursued. In addition, it is seldom appropriate to dismiss claims with prejudice on the first pleading. *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015) (collecting cases). Thus, any dismissal on the merits at this stage would likely be without prejudice anyway.

Accordingly, Thacker's third-party complaint [DE 20] is DISMISSED WITHOUT PREJUDICE at its own request. The motion to dismiss filed by third-party defendants Freeman Bontrager and B&B Roofing and Construction [DE 40] is therefore DISMISSED as moot.

SO ORDERED.

ENTERED: May 3, 2017

                                                /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court